EILEEN ANDREWS *vs.* ARKWRIGHT MUTUAL INSURANCE COMPANY. December 5, 1996. *Massachusetts Commission Against Discrimination. Employment,* Discrimination. *Anti-Discrimination Law,* Sex.

A Superior Court judge allowed the defendant's motion for summary judgment. He determined that the plaintiff's complaint of sexual discrimination was untimely filed with the Massachusetts Commission Against Discrimination (MCAD). See G. L. c. 151B (1994 ed.). The plaintiff appealed. We transferred the case to this court on our own motion. We affirm.

Eileen Andrews began employment with Arkwright Mutual Insurance Company (Arkwright) in December, 1987. Throughout her tenure with Arkwright, her immediate supervisor was Esther Sprano.

Arkwright began a reorganization of their departments in early 1992. On January 14, 1992, Sprano announced to the communications department that two positions would likely be cut as a part of the reorganization process. Sprano crafted plans to shift responsibilities within the department and designed two plans: one where Andrews and another associate would be terminated and another where only Andrews would be terminated.

On January 23, 1992, Andrews informed Sprano that she was pregnant. Sprano responded, "What do you want me to do about it?" and also said, "I hate working with pregnant women." Approximately six days later, Andrews was terminated. She was the only person in the department to be terminated. Andrews hired a lawyer to pursue a claim that her termination was based on her pregnancy.

On May 21, 1992, Andrews's attorney sent a "letter of inquiry" to the MCAD, advising the agency that Andrews would be pursuing a claim against her former employer. She sought a hearing date to discuss the merit of the claim. She also filed a claim in the Superior Court.

After a series of communications between Andrews's attorney and the MCAD, Andrews filed a complaint nunc pro tunc to May 21, 1992, the date of initial communication with MCAD. She was advised to do so by an employee of the MCAD. The general counsel of MCAD also wrote a letter which stated, "the Commission has determined to take no further action on this matter. The commission considers this case closed and the statute of limitations issue is properly before the Court in which the civil action in this matter is now pending."

A plaintiff wishing to pursue a discrimination claim under G. L. c. 151B must first submit a complaint to the MCAD within six months of the alleged unlawful conduct. G. L. c. 151B, § 5; 804 Code Mass. Regs. § 1.03 (2) (1993). The plaintiff conceded at oral argument that the initial inquiry

letter was not a complaint.[1] This concession, absent a tolling of the statutory filing period, is fatal to her G. L. c. 151B claim.

The plaintiff next argues that the complaint should be permitted nunc pro tunc based on equitable tolling. See *Christo* v. *Edward G. Boyle Ins. Agency, Inc.*, 402 Mass. 815, 817 (1988) (holding equitable tolling available for G. L. c. 151B claims). Equitable tolling is available in circumstances in which the plaintiff is excusably ignorant about the six-month statutory filing period, *Mercado-Garcia* v. *Ponce Fed. Bank*, 979 F.2d 890, 896 (1st Cir. 1992), or where the defendant or the MCAD has affirmatively misled the plaintiff. See, e.g., *Toombs* v. *Greer-Smyrna, Inc.*, 529 F. Supp. 497 (M.D. Tenn. 1982), aff'd, 709 F.2d 1509 (6th Cir. 1983). Neither circumstance applies.

The plaintiff was represented by counsel two months before the statutory filing deadline of six months. Constructive knowledge of all procedural requirements is imputed to a plaintiff who retains an attorney. See *Mercado-Garcia* v. *Ponce Fed. Bank, supra*; *Conroy* v. *Boston Edison Co.*, 758 F. Supp. 54, 61 (D. Mass. 1991). There was no evidence that Arkwright engaged in any misconduct that may have dissuaded Andrews from filing a complaint. Equitable tolling is not available on that basis. There was no affirmative misleading by the MCAD. While the inquiry letter was not handled expeditiously, the obligation to file a complaint within the required time limit still rests with the attorney. On the record before us, the MCAD never gave erroneous information to Andrews or her attorney as to the correct filing date, nor did they refuse to accept a properly presented timely complaint.

*Judgment affirmed.*

*Maryann C. Murphy* for the plaintiff.

*Lisa J. Damon* (*Allan C. Cave, Jr.*, with her) for the defendant.

---

[1] A complaint must be signed by the party, notarized, and give sufficient detail of the act or acts of discrimination. 804 Code Mass. Regs. § 1.03 (1993). The inquiry letter did not meet these requirements. Additionally, the plaintiffs did not serve this letter on the defendant.