Fremont-Smith, J.
The plaintiff, Grace MacDonald (“MacDonald”), seeks compensatoiy and punitive damages from the defendant, the Gillette Company (“Gillette”), for alleged discriminatory treatment. Specifically, the plaintiff alleges the following: violation of M.G.L.c. 151B by committing sex discrimination (Count I), violation of M.G.L.c. 149, §105A-C, the Massachusetts equal pay act (“MEPA”) (Count II), and intentional and negligent infliction of mental distress (Count III). The defendant has moved for summary judgment on all counts. For the following reasons, the defendant’s motion for summary judgment is DENIED as to Counts I and II and is ALLOWED as to Count III.
FACTUAL BACKGROUND
MacDonald, who has worked for Gillette since 1984, alleges that Gillette discriminated against her because of her sex in the terms and conditions of her employment by 1) failing to promote her on the same terms as males, 2) failing to pay her on the same terms as males, 3) failing to train her for promotion on the same terms as males, 4) failing to grant her seniority and its benefits on the same basis as males, 5) failing to take affirmative action to correct unlawful employment practices, 6) creating a work environment hostile to women and to the plaintiff in that the plaintiff and other similarly *423 situated women could not advance their careers in the company beyond a certain level, and 7) retaliating against her for complaining of such conduct. MacDonald also alleges violations of the Massachusetts equal pay act and intentional and negligent infliction of mental distress. The plaintiff alleges that the discriminatoiy acts occurred between 1990 and the present. All material facts regarding the alleged acts of discrimination are in dispute.
PROCEDURAL HISTORY
On June 1, 1994, MacDonald, who was pregnant, at home, and about to give birth, filed an unnotorized complaint with the Massachusetts Commission Against Discrimination (“MCAD”). The plaintiff contends that her attorney explained to MCAD that MacDonald could not obtain a notarized copy of the complaint given her condition and that an MCAD employee assured the plaintiffs attorney that MCAD would consider the official date of the complaint to be June 1 as long as a notarized complaint was sent promptly thereafter. MacDonald sent the requested notarized complaint to MCAD on June 14, 1994, yet her complaint was dated as having been filed June 14. On October 16, 1995, MacDonald filed an action in Superior Court.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact in dispute and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue “and that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). A party moving for summary judgment who does not bear the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party is unlikely to submit proof of that element at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991).
The defendant first argues that the plaintiffs claims under 151B are barred because she did not file her MCAD complaint within six months of the alleged discriminatoiy acts. A plaintiff wishing to pursue a discrimination claim under G.L.c. 151B must first submit a complaint to MCAD within six months of the alleged unlawful conduct. Lynn Teachers Union, Local 1037 v. Massachusetts Commission Against Discrimination, 406 Mass. 515, 520 (1990). MacDonald maintains that all of her claims under 151B are viable because the discriminatoiy acts were not isolated events but rather constituted a continuing pattern of discrimination. Under the continuing violation rule, a plaintiff may file a claim for all discriminatoiy conduct with MCAD at any time as long as one of the discriminatory acts occurred within six months of the filing date. Lynn Teachers Union at 520; Mack v. Great Atlantic & Pacific Tea Co., 871 F.2d 179, 183 (1st Cir. 1989). There is a genuine issue of material fact as to whether a continuing violation existed which warrants a denial of the defendant’s motion for summary judgment as to this issue.
The defendant also argues that this Court should find that the plaintiffs MCAD complaint was filed June 14, 1994 because the June 1 complaint was not notarized and MCAD dated the complaint as having been received on June 14, 1994. The date is significant in that the defendant maintains that the only incident of alleged discrimination that occurred within the six month period prior to MacDonald filing (an incident which the defendant maintains did not violate c. 151B) occurred on December 2, 1993, where the plaintiff was given a rating of “effective”[1] at her performance review. If the filing date is deemed to be June 14, the “effective” rating would fall outside the six month period. However, “[ejquitable tolling is available in circumstances in which . . . the MCAD has affirmatively misled the plaintiff.” Andrews v. Arkwright Mutual Insurance Company, 423 Mass. 1021, 1022 (1996) (citation omitted). As there is a genuine issue of material fact as to whether MCAD misled the plaintiff with regard to the filing date, it is not proper for this Court to determine the official filing date of the plaintiffs complaint at summary judgment.[2]
The defendant also argues that MacDonald’s allegations regarding violations of 151B are without merit. On the documents submitted, there is a genuine issue of material fact as to whether Gillette failed to promote, pay, train, or grant seniority to MacDonald on the same terms as males, whether it failed to take affirmative action to correct unlawful employment practices or whether it created a work environment hostile to women which prevented the plaintiff and other similarly situated women from advancing their careers. Because there are genuine issues of material fact as to the plaintiffs allegations under 151B, the defendant’s motion for summary judgment as to Count I is DENIED.
The defendant also maintains that MacDonald’s claim under MEPA should be barred because she did not file the MEPA claim with MCAD prior to filing it in Superior Court. An “equal pay claim may be brought under G.L.c. 149, §105A by a plaintiff who has met the procedural requisites of c. 151B.” O’Brien v. Avis Rent a Car System, Inc., 1997 WL 260515 at 2 (Mass. Super. Ct. May 1, 1997); Jancey v. School Committee of Everett, 421 Mass. 482, 498 (1995). MacDonald satisfied the procedural requirements of 15IB by stating in her MCAD complaint that she had received unequal pay and by alleging that Gillette violated the Federal Equal Pay Act, 29 *424 U.S.C. §206D. Because MacDonald filed her 151B claim with MCAD, her MEPA claim is properly before this Court.
The defendant also argues that there is no evidence that MacDonald received unequal pay. This is a genuine issue of material fact that can not be resolved at summary judgment. The defendant also disputes MacDonald’s contentions that the continuing violation rule should apply to her MEPA claim. As stated previously, there is a genuine issue of material fact as to whether a continuing violation existed. Thus whether or not MacDonald’s claim of alleged unequal pay constituted a continuing violation cannot be resolved at summary judgment.
The defendant also contends that the plaintiffs retaliation claim should be barred for failure to exhaust administrative remedies because she did not file that claim with MCAD. While Massachusetts Courts have not addressed the issue of whether a plaintiff must file a claim for retaliation with MCAD after having filed the original complaint which results in the alleged retaliation, various Circuit Courts have addressed the issue in connection with the need to ñle a claim of retaliation, under the federal statute, with the Equal Employment Opportunity Commission (“EEOC”). In these cases, which are instructive, some federal courts, as noted in Borase v. M/A-COM, Inc., 906 F.Supp. 65, 67 (D.Mass. 1995), have held “that ‘an act committed by an employer in retaliation for the filing of an EEOC complaint is reasonably related to that complaint, obviating the need for a second EEOC complaint’ . . . [and] that a plaintiff may raise the retaliation claim for the first time in federal court.” See Ingels v. Thiokol Corp., 42 F.3d 616, 625 (10th Cir. 1994); Nealon v. Stone, 958 F.2d 584, 590 (4th Cir. 1992); Malhotra v. Cotter & Co., 885 F.2d 1305, 1312 (7th Cir. 1989).
Other federal courts, including the First Circuit Court of Appeals, however, have taken a different approach. In Johnson v. General Electric, 840 F.2d 132 (1st Cir. 1988), the Court held that in order to maintain a claim for retaliation, the claim must be reasonably expected to have been within the scope of the EEOC’s investigation. In other words, the plaintiff must have informed the EEOC of the retaliation while the investigation of the original complaint was still ongoing. “The First Circuit appears to tie the question of whether a retaliation claim is reasonably related so as to excuse exhaustion to the opportunity of the administrative agency to investigate.” Borase, supra, at 68.
Where the plaintiff has not filed a claim for retaliation, still other federal courts have held that a court may still exercise ancillary jurisdiction over a retaliation claim where a viable discrimination claim exists. Gottlieb v. Tulane Univ. of Louisiana, 809 F.2d 278, 284 (5th Cir. 1987). In Borase, supra, the Court exercised ancillary jurisdiction over a retaliation claim where the plaintiff filed an administrative claim of retaliation after a motion for partial summary judgment had been filed. The court stated, however, that it was “not prepared to hold that in all circumstances [] [it would be] required to assert ‘ancillary’ jurisdiction over retaliation claims when they [] [were] joined with properly exhausted underlying claims of discrimination.” Id. at 69, fn. 3.
Because the question of whether a plaintiff must first exhaust administrative remedies with regard to retaliation claims before filing a claim in Court is unsettled in both Massachusetts and the federal courts, and because the issue of ancillary jurisdiction has yet to be decided in Massachusetts, the defendant’s motion for summary judgment as to this issue is DENIED without prejudice.[3]
Lastly, the defendant asserts that MacDonald’s count for negligent and intentional infliction of mental distress is barred by the Workers’ Compensation Act, G.L.c. 152, §15. Common law tort actions for personal injury, which include negligent or intentional torts of fellow employees, are barred where the plaintiff is an employee and the injury occurs during the scope of employment. Anzalone v. Massachusetts Bay Transportation Authority, 403 Mass. 119, 124 (1988); Dietz v. Bytex Corp., 2 Mass. L. Rptr. 41, 1994 WL 879690, at 5 (Mass. Super. Ct. April 5, 1994). Because the Workers’ Compensation Act bars the plaintiffs claim for negligent and intentional infliction of mental distress, the defendant’s motion as to Count III is ALLOWED.[4]
ORDER
For the above reasons, the court hereby ORDERS that the defendant’s Motion for Summary Judgment is DENIED as to Counts I and II and ALLOWED as to Count III.

 She had been given a higher performance rating in previous reviews.

 Even if the proper date of the complaint is found to be June 14, 1994, genuine issues of material fact exist as to whether the “effective” rating was the only incident that fell within the six month statutory period. The plaintiff alleges that during the winter of 1994, her supervisor began keeping track of her attendance and he did not do so for any other employee. The plaintiff also alleges that during the winter of 1994, although she informed her supervisor that she would be taking maternity leave and would return to work, she was continually questioned and badgered regarding her plans to return. She also alleges that while she was pregnant she requested extra work and her supervisor repeatedly denied her requests because she planned to take maternity leave.

 The issue may, of course, be further considered on directed verdict or, if there is a jury verdict, on judgment notwithstanding the verdict.

 At oral argument, the plaintiff did not dispute the defendant’s argument that the plaintiffs claims for negligent and intentional infliction of mental distress were barred by the Workers’ Compensation Act.