Chin, J.
The plaintiff, Stephen B. Kuketz (“Kuketz”) , brought this action against the defendants, MDC Fitness Corp. dba Brockton Athletic Club (“the BAC”), Charles M. Mirrone (“Mirrone”) and Roslyn Petronelli (“Petronelli”), alleging that he was subjected to discrimination on the basis of his disability. The alleged misconduct, Kuketz claims, constitutes violations of G.L.c. 151B and c. 272, §§92A, 98 (Counts I and II), G.L.c. 151B, §§4(4A), 4(5) (Counts III and IV), 42 U.S.C. §12181 (Count V), and G.L.c. 12, §§11H, 111 (Count VI). Before this court is Petronelli’s motion to dismiss Counts I-IV and VI. For the following reasons, Petronelli’s motion to dismiss is DENIED in part and ALLOWED in part.
BACKGROUND
Kuketz, a paraplegic since 1991, is a nationally ranked wheelchair racquetball player. He joined the BAC in 1995, and applied to play in the most competitive level, the “A” division, of the BAC’s racquetball league. His application was rejected as the use of a wheelchair was deemed to pose danger to nonwheelchair players. On July 5, 1995, Kuketz filed a charge with the Massachusetts Commission against Discrimination (“MCAD”), alleging that he had been subjected to discrimination on the basis of his disability. The complaint filed with the MCAD (“the MCAD Charge”) did not name Petronelli as a respondent, but did specify that she was the person who denied his application to compete in division “A”. During the investigation of Kuketz’s complaint, Petronelli attended a conference *262 held by the MCAD on October 20, 1995. Later, she also signed an affidavit that was appended with a legal memorandum which the BAC filed with the MCAD.
On October 30, 1997, upon learning that the BAC was bankrupt, Kuketz filed a motion to amend the MCAD Charge seeking to add Mirrone and Petronelli, owner and manager of the BAC respectively, as respondents. According to Petronelli, the MCAD never acted on Kuketz’s motion. Nevertheless, on February 9, 1998, the MCAD allowed Kuketz to file a complaint with the Superior Court pursuant G.L.c. 151B, §9. In that complaint, Kuketz named the BAC, Mirrone and Petronelli as defendants.
DISCUSSION
A.Mass.R.Civ.P. 12(b)(6).
When evaluating the sufficiency of a complaint pursuant to Rule 12(b)(6), the court must accept as true the allegations of the complaint, as well as any reasonable inferences to be drawn from them in the plaintiffs favor. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991). ‘The plaintiffs need only surmount a minimal hurdle to survive amotion to dismiss for failure to state a claim.” Bell v. Mazza, 394 Mass. 176, 184 (1985). ‘‘[Dismissals on the basis of the pleadings, before facts have been found, are discouraged.” Gennari v. City of Revere, 23 Mass.App.Ct. 979, 980 (1987) (citation omitted). A “complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977) (citations omitted).
B.Counts I and II.
Petronelli moves to dismiss Counts I and II, which assert claims under G.L.c. 151B generally, and c. 272, §§92A, 98 specifically, on the ground that she was never named as a respondent in the MCAD charge. The issue here is whether Kuketz may file Chapter 15 IB claims against Petronelli where he identified her as the person who discriminated against him, but did not name her as a respondent, in the MCAD Charge.
Massachusetts law requires that a discrimination action under G.L.c. 151B be preceded by a charge filed with the MCAD within six months of the discriminatoiy conduct. G.L.c. 151B, §5, second par., thirty-sixth sentence; see also Jancey v. School Comm. of Everett, 421 Mass. 482, 497-98 (1995). Regulations promulgated under Chapter 15IB require a charge to include “appropriate identification of the Complainant(s) and the person(s) alleged to have committed unlawful discriminatory acts.” 804 Code Mass. Regs. §1.03(4), (a). The failure to file a charge with the MCAD bars recovery under Chapter 151B. Andrews v. Arkwright Mut. Ins. Co., 423 Mass. 1021 (1996). The purpose of the MCAD filing requirement is to provide a defendant notice of a potential lawsuit and to give him an opportunity to conciliate. Lattimore v. Polaroid Corp., 99 F.3d 456, 464 (1st Cir. 1996); see also Carter v. Comm’r of Correction, 43 Mass.App.Ct. 212, 217 (1997).
While Massachusetts appellate courts have not addressed this issue, the Federal District Court has done so in Chatman v. Gentle Dental Center of Waltham, 973 F.Supp. 228 (D.Mass. 1997). There, reading Brunson v. Wall, 405 Mass. 446 (1989), to instruct that a MCAD charge must be viewed as a whole, the Chatman court concluded that the failure to name a party as a respondent in the MCAD charge does not bar a later lawsuit filed against that party if the administrative complaint gave the party notice of the alleged discriminatory conduct, and the party had an opportunity to conciliate the claims arising from such allegation. Chatman v. Gentle Dental Center of Waltham, 973 F.Supp. 234-35. Here, reading Kuketz’s MCAD Charge as a whole, Petronelli was indeed identified as the person who had allegedly discriminated against Kuketz on the basis of his disability as she denied his application to compete in the most competitive racquetball division. Petronelli also had occasion to conciliate such claim as she attended the MCAD investigative conference regarding Kuketz’s charge on October 20, 1995. As such, the MCAD Charge, though it did not name Petronelli as a respondent, did fulfill the purpose of the MCAD filing requirement.
Relying on Powers v. H.B. Smith Company, 42 Mass.App.Ct. 657 (1997), Petronelli argues that Counts I and II should be dismissed. In Powers, the complaint was dismissed as to the party who was not named in the MCAD charge. Id. However, the facts of that case do not show whether that party had received notice of the discriminatory claims, or had an opportunity to conciliate such claims. In light of Chatman, this court is not inclined to interpret Powers in favor of Petronelli. Accordingly, the court denies Petronelli’s motion to dismiss Counts I and II.
C.Counts III and IV.
Petronelli now argues that the claims asserted under G.L.c. 151B, §§4(4A) and 4(5) of Counts III and IV, respectively, should be dismissed because Kuketz did not allege these particular sections in the MCAD Charge. Although Kuketz’s MCAD Charge does not specify the particular sections of Chapter 151B under which relief is sought, it does allege in general that Petronelli’s discriminatory conduct violated G.L.c. 15 IB. The general allegation of G.L.c. 151B violations, in the view of this court, is sufficient for Kuketz to assert claims under §§4(4A) and 4(5) of the same chapter.
D.Count VI.
Count VI alleges that the defendants’ alleged discriminatory conduct violated the Massachusetts Civil Rights Act, G.L.c. 12, §§11H and 111. Since relief for discrimination may be obtained under G.L.c. 151B, and not under c. 12, §§11H and 1II, Counts VI must be dismissed. See Mouradian v. General Electric Co., 23 Mass.App.Ct. 538, 543 (1987) (Sections 11H and *263 111 do not “create an independent right to vindicate an alleged wrong which might have been the subject of investigation and possible vindication under G.L.c. 151B . . .”); see also Sereni v. Star Sportswear Manufacturing Corp., 24 Mass.App.Ct. 428, 431 (1987).
ORDER
For the foregoing reasons, this court ORDERS that the defendant Petronelli’s motion to dismiss be DENIED with regard to Counts I — IV,[2] and ALLOWED with regard to Count VI.

Since Petronelli did not move to dismiss Count V containing a federal claim under 42 U.S.C. §12181, this court has not acted on that count.