**Eddie STEWART, Plaintiff,**

v.

**Ewa KULIGOWSKA, Paul Guidone, Timothy Bell, Richard Lucas, and Shyam Dayal, Defendant.**

**Civil Action No. 98–11268–WGY.**

United States District Court, D. Massachusetts.

Dec. 8, 1998.

Deborah L. Schreiber, Waltham, MA, for Eddie Stewart.

Jean M. Kelley, Amanda M. Candelmo, Morrison, Mahoney & Miller, Boston, MA, for Ewa Kuligowska, Shyam Dayal.

John M. Townsend, Stephen B. Sutliff, Boston Public Health Com'n, Office of General Counsel, Boston, MA, for Paul Guidone, Timothy Bell, Richard Lucas.

*MEMORANDUM AND ORDER*

YOUNG, District Judge.

The plaintiff, Eddie Stewart, brings this action against the defendants alleging violation of Mass. Gen. Laws ch. 151B, negligent and intentional infliction of emotional distress, defamation, interference with an advantageous business relationship, and violation of 42 U.S.C. § 1981. All parties are Massachusetts residents. The defendants removed the case to this Court from the Suffolk Superior Court. The section 1981

claim presents a federal question, conferring jurisdiction upon this Court to hear and decide all claims. *See* 28 U.S.C. §§ 1331, 1367(a), 1441 (1998).

Stewart was employed at Boston City Hospital as an ultrasound technician. He was fired on March 6, 1996, following an incident on February 8, 1996, in which he was accused by a patient of inappropriate contact. Stewart, who is black, claims that the accusations are false. He asserts that, because of his race, the defendants have made false statements concerning the episode in order to bring about his termination.

The defendants Kuligowska and Dayal are or were physicians employed at Boston City Hospital and had supervisory responsibilities over Stewart. They now come before this Court with a motion to dismiss Count I, the chapter 151B claim, on the ground that Stewart failed timely to file a complaint with the Massachusetts Commission Against Discrimination ("MCAD") appropriately identifying either of them as a person alleged to have committed unlawful discriminatory acts.

## BACKGROUND

Stewart filed his charge of discrimination with the MCAD on December 18, 1996. He named Boston City Hospital alone as they who had committed discrimination. The names of Kuligowska and Dayal do not appear anywhere on the form used to file the charge. Accompanying the charge in the files of the MCAD, which have been submitted along with the defendants' motion to dismiss, are additional documents identifying the specific allegations surrounding Stewart's claim. One is a memorandum from Stewart to Michael P. Reagan of the Boston Labor Relations Council, dated November 18, 1996, and entitled "A Case of Hate, Bigotry and Abuse of Power." The document comprises thirty-two pages of narrative and allegations by Stewart concerning his employment and termination at Boston City Hospital. A shorter document dated February 28, 1997 and entitled "Case of Hate Bigotry and Abuse of Power Addendum 3" also appears. Both documents name Kuligowska and Dayal and describe their role in the incidents leading up to Stewart's termination. In addition, there is a letter dated March 5, 1997 from Stewart to a Mr. Klein, an investigator at the MCAD, transmitting a "new document/letter." Based on the reference to "discrimination" and "double-standard" in the subject line of both documents, this letter appears to be a letter of transmittal for "Addendum 3." It cannot be determined by examining the file whether the November 18 letter was filed along with the charge or came into the file subsequently. No reference to any of these documents is made in the particulars of the MCAD charge. It does not appear that Kuligowska and Dayal were ever named in any other complaint filed with the MCAD.

At the oral hearing on this motion held on September 14, 1998, Stewart's attorney produced an eleventh hour affidavit from Stewart stating that he filed the document entitled "A Case of Hate, Bigotry and Abuse of Power" with the MCAD as an attachment to his Charge of Discrimination. Stewart also states that he sent each of the defendants a copy of the document.

## ANALYSIS

Massachusetts law requires that a person bringing a charge of employment discrimination pursuant to chapter 151B must file a complaint with the MCAD within 180 days of the offending conduct. *See* Mass. Gen. Laws ch. 151B, § 5 (1996). The MCAD complaint form has a space labeled "NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO HAS DISCRIMINATED AGAINST ME," in which the complainant is to provide "appropriate identification" of the "person(s) alleged to have committed unlawful discriminatory acts." Mass. Regs.Code tit. 804, § 1.03(4)(a) (1993). The form has a separate space that reads, "THE PARTICULARS ARE," in which the complainant is to provide "a concise statement of the alleged discriminatory acts." Mass. Regs.Code tit. 804, § 103(4)(c) (1993). Failure to file a proper and timely charge of discrimination with the MCAD is a bar to any subsequent action in court. *See Andrews v. Arkwright Mut.*

*Ins. Co.,* 423 Mass. 1021, 1022, 673 N.E.2d 40, 41 (1996).

The question presented in this case is whether the charge, together with various memoranda and other documents appearing in the MCAD file, contain "appropriate identification" of Kuligowska and Dayal. If so, the individual defendants properly may be named in this action. If not, Count I must be dismissed.

The Court immediately confronts obstacles to the consideration of these questions. The Complaint is devoid of reference to Stewart's filing of the discrimination charge before the MCAD, nor is the charge itself appended to the pleadings. Stewart has thus failed to allege that he has complied with a statutory prerequisite to his claim for relief.

Setting aside for the moment the obvious pleading defect this failure represents, Stewart has not placed the documents upon which he now relies within easy reach of this Court. Because nothing concerning the MCAD charge properly appears in the pleadings, all of the relevant material lies beyond the ordinary scope of consideration on a motion to dismiss. While courts have routinely consented to examine documentary evidence in the context of a Rule 12(b)(6) motion, they have typically done so only when the authenticity of the documents is not questioned, and when the contents are alleged in the Complaint and central to the claim. *See, e.g., Beddall v. State Street Bank & Trust Co.,* 137 F.3d 12, 17 (1st Cir.1998); *Fudge v. Penthouse Int'l, Ltd.,* 840 F.2d 1012, 1015 (1st Cir.1988). In this case, however, neither criteria is satisfied. Not only is the MCAD charge not mentioned in the Complaint, thus hampering Stewart's efforts to have it incorporated in the pleadings, but the authenticity of his tract—when it was filed or whether it was filed at all—is the very subject of this dispute.

Despite these obstacles, the Court is loath to elevate form over substance by refusing to consider the MCAD Charge and other materials submitted by the parties, particularly in light of the unnecessary delay that would result. The First Circuit has displayed some measure of flexibility in dealing with situations, analogous to this one, in which a docu-ment that is central to the pleadings is missing. In *Fudge,* the Court held a court could properly consider the contents of an allegedly libelous magazine article in deciding a motion to dismiss, even though the article was not attached to the pleadings. The Court reasoned that the purely legal questions that the motion to dismiss raised about the article could be resolved without resolving factual disputes. *See Fudge,* 840 F.2d at 1015.

Such latitude is appropriate in this case as well, because Stewart's Complaint, whether or not it may be supplemented by the other documents, is deficient as matter of law. Even assuming the truth of the statements in Stewart's affidavit and the authenticity of the other materials, and incorporating them into the pleadings, Stewart has failed to state a claim upon which relief can be granted.

■ The MCAD Charge form reveals that Stewart failed to name Kuligowska and Dayal in the appropriate space. Nor are the two defendants named in the "particulars" section. Even construing all of the parties submissions in the light best for Stewart, and crediting all of the statements in his affidavit, the most favorable conclusion this Court could reach is that the individual defendants were identified in material appended to the charge and incorporated by reference. This conclusion is insufficient to repel the defendants' attack.

In *Chatman v. Gentle Dental Center of Waltham,* 973 F.Supp. 228, 233 (D.Mass. 1997) (Lindsay, J.), the court held under Massachusetts law that a party not named in the space designated on the charge form but otherwise identified in the charge may be named in a civil action, but only if that party had notice and an opportunity to participate in MCAD conciliation proceedings. *See id.* at 234–35; *see also Lattimore v. Polaroid Corp.,* 99 F.3d 456, 464 (1st Cir.1996). *But see Riebold v. Eastern Cas. Ins. Co.,* 1997 WL 311523, at *5 (Mass.Super. June 4, 1997) (Brassard, J.) (party not named as respondent but referred to in the particulars may not be sued).

Considering the "Case of Hate, Bigotry and Abuse of Power" document as a part of

the MCAD charge, it is clear that the conduct of both Kuligowska and Dayal is placed in issue. In this case, however, as in *Chatman*, it is "not possible to determine from matters properly before the court ... whether the individual defendants had notice of and an opportunity to conciliate the charges against them at the MCAD." *Chatman*, 973 F.Supp. at 236.

Stewart counters that a party filing a charge of discrimination has a limited role in the proceedings, and has no power to determine the direction of the investigation, or to effectuate notice to individual defendants. Stewart ignores the plain requirements of Mass. Regs.Code tit. 804, § 1.03(b) (1993). A copy of the complaint must be served on each named Respondent by personal service or by first class mail. *See id.;* Mass. Reg.Code tit. 804, § 1.05 (1995). In addition, each Respondent so notified must file an answer within twenty-one days of receiving notice. *See* Mass. Regs.Code tit. 804, § 103(7) (1993). A complainant need only identify those individuals she wishes to complain of, in order to ensure that each of them is afforded appropriate prompt notice and opportunity to participate. Failing such formal steps to ensure notice and opportunity to participate, the complaint must allege those elements or admit reasonable inferences to that effect. *See Chatman*, 973 F.Supp. at 236. In this case, no such allegations appear, nor may the Court draw the necessary inferences from the matters properly before it.

## CONCLUSION

Because Stewart fails to allege the requisite elements of a discrimination claim based on Mass. Gen. Laws ch. 151B, this Complaint must be dismissed against the defendants Kuligowska and Dayal. Even if the Court were to accept Stewart's affidavit as true, the Complaint is inadequate to state a claim because it fails to allege that the individual defendants had prompt notice that their conduct was in issue before the MCAD, and that they had an opportunity to participate in the investigation and to conciliate the charges against them. The Court therefore

GRANTS the motion of Kuligowska and Dayal to dismiss Count I.

SO ORDERED.