**Stephen D. WRIGHT, Plaintiff,**

v.

**COMPUSA, INC., Gregory Caughman, and Robert Morsilli, Defendants.**

No. 01–CV–11567–MEL.

United States District Court,
D. Massachusetts.

Dec. 28, 2001.

Gretchen M. Van Ness, Boston, MA, for Plaintiff.

Barbara A. O'Donnell, Robinson & Cole, Boston, MA, for Defendants.

*MEMORANDUM AND ORDER*

LASKER, District Judge.

Stephen D. Wright brings this action against his former employer, CompUSA, Inc., a national chain of computer stores, and two individuals, Gregory Caughman, General Manager of CompUSA's Brighton, Massachusetts store, and Robert Morsilli, Regional Manager for CompUSA's Boston area stores, for failure to make reasonable accommodations for Wright's disability in the workplace. Wright's disability is Attention Deficit Disorder (commonly referred to as "ADD"). He sues under M.G.L. ch. 151B, § 4(16), and the Americans with Disabilities Act, 42 U.S.C. §§ 12111–12117 (the "ADA").

Caughman and Morsilli move to dismiss the complaint as to them. The motion is granted.

**I.**

In February 1999, Wright filed an administrative charge before the Massachusetts Commission Against Discrimination ("MCAD") alleging that CompUSA had discriminated against him because of his disability, ADD. In December 2000, Wright conducted depositions of Caughman and Morsilli, who appeared represented by the same counsel as CompUSA. In May 2001, Wright and CompUSA filed memoranda before the MCAD arguing their respective positions on the merits of Wright's claims. However, the MCAD took no action by August 2001, and accordingly, to preserve his right to file a civil lawsuit, Wright withdrew his administra-

tive charge from the MCAD and commenced this action.

## II.

Caughman and Morsilli move to dismiss the complaint as to them for two reasons: (1) Wright's failure to exhaust the required administrative remedies, and (2) that the scope of the ADA does not include suits against individuals.

### A.  Failure to Exhaust

Caughman and Morsilli argue that the complaint against them should be dismissed because they were not named in the administrative charge before the MCAD—which lists CompUSA as the only respondent.  They contend that Wright was free to amend his charge to add them as parties to the proceedings before the MCAD, but never did so.  They further claim that this failure is prejudicial because the individual defendants have not yet had an opportunity to investigate the claims against them, nor have they had an opportunity to conciliate the claims.  *See Stewart v. Kuligowska,* 28 F.Supp.2d 690 (D.Mass.1998).

Wright responds that he was not required as a matter of law to name Caughman and Morsilli in the proceedings before the MCAD because the individual defendants' conduct was put at issue by the administrative charge itself.  Caughman was the main actor in this dispute, according to Wright, and should have known that he was so charged from the language of the affidavit attached to the administrative charge.  Wright notes that although he did not know Morsilli's role at the time he filed his administrative charge before the MCAD, Morsilli admitted during his deposition that he participated in the actions which were the basis of Wright's claim before the MCAD. Accordingly, Wright

maintains that the individual defendants had notice of the charges against them.

Since the individual defendants had notice of the charges, Wright asserts that in order to sue them in this court he need only show that they had an opportunity to conciliate the charge before the MCAD. *See, e.g., Chatman v. Gentle Dental Ctr. of Waltham,* 973 F.Supp. 228, 235 (D.Mass. 1997); *Chapin v. University of Mass. at Lowell,* 977 F.Supp. 72 (D.Mass.1997). Wright argues that both Caughman and Morsilli appeared at depositions represented by counsel, a fact that shows that they had an opportunity to conciliate the charge.

Wright explains that he withdrew his charge from the MCAD because he did not want to miss the statute of limitations deadline for suit in this court.  He represents that he would have added Morsilli as a respondent before the MCAD, but he was certain that charges against Morsilli would not have been acted upon before the statute of limitations deadline expired. Therefore, he concluded that amending the charge before the MCAD would have been futile.

Caughman and Morsilli reply that being deposed with assistance of counsel in the proceeding before the MCAD did not constitute notice that they were named, or were even intended to be, parties to the matter.  They point out that Wright admits that he was unaware that Morsilli had played a role in Wright's dismissal until taking Morsilli's deposition.  They construe this concession as strong evidence that the MCAD charge did not make Morsilli a respondent or intend to do so.  They further argue that if Wright wished to make them parties to the MCAD proceedings, he should have moved to amend the MCAD charge even if it would have been futile, because such a motion would have put them on notice.  Finally, Caughman

and Morsilli note that Wright can secure a complete remedy from CompUSA alone if he prevails, and that, accordingly, there is no reason to keep them in the case.

The motion to dismiss is granted. Both M.G.L. ch. 151B and the ADA require the exhaustion of administrative remedies before filing a civil lawsuit. *See, e.g.,* 42 U.S.C. § 2000e–5; *Andrews v. Arkwright Mut. Ins. Co.,* 423 Mass. 1021, 1022, 673 N.E.2d 40,41 (1996) (M.G.L. ch. 151B). Whether the administrative charge Wright brought before the MCAD properly fulfilled this requirement is the question.

It is true that the law on this matter is unsettled and falls into two camps. A number of cases advocate a stringent rule prohibiting civil suits against parties not previously named as respondents in the charge before the MCAD. *See, e.g., Hayes v. Henri Bendel, Inc.,* 945 F.Supp. 374, 378–79 (D.Mass.1996); *Powers v. H.B. Smith Co., Inc.,* 42 Mass.App.Ct. 657, 667, 679 N.E.2d 252, 258–59, *review denied,* 425 Mass. 1105, 682 N.E.2d 1362 (1997). On the other hand, there are decisions that advocate a more forgiving rule. *Chatman* is the lead case for this proposition, which held:

> whether a party has been appropriately identified as a wrongdoer in a charge filed with the MCAD so as to support a subsequent civil action against that party is a matter to be determined from a reading of the charge as a whole. If the charge put that party's conduct at issue and if the party was on notice of the charge and had an opportunity to participate in the MCAD proceeding, then the party appropriately may be named as a defendant in a later civil complaint alleging a violation of Chapter 151B .... failure to name a party as a respondent in a charge filed with the MCAD does not preclude a later civil action against that party if the conduct of the party was put in issue by the charge and the party had notice of and an opportunity to conciliate the charge.

*Chatman,* 973 F.Supp. at 234–35; *see also, Winters v. ADAP, Inc.,* 76 F.Supp.2d 89 (D.Mass.1999); *Stewart,* 28 F.Supp.2d at 692–93; *Chapin,* 977 F.Supp. at 72; *Kuketz v. MDC Fitness Corp.,* 13 Mass. L. Rptr. 511, 2001 WL 993565 (Mass.Super. Aug. 17, 2001). Thus, under the *Chatman* rule, a party might in some circumstances be sufficiently identified in a MCAD charge to authorize a civil suit against him even if the party was not literally named as a respondent before the MCAD.

Under the more stringent line, of course, the complaint against Caughman and Morsilli must be dismissed because neither was named as a respondent. But even under the more forgiving line of cases, dismissal is still appropriate.

Addressing Morsilli first, he is not named in the administrative charge or the attached affidavit at all. Moreover, there is no indication in the papers before this court that Morsilli was ever served with a copy of the MCAD charge. Appearing at a deposition with an attorney did not put him on notice that he was an intended respondent. Nor did appearing at the deposition constitute an opportunity to conciliate the claims against him, since he was unaware that there were any. Without either notice or an opportunity to conciliate, the complaint as to Morsilli must be dismissed, even under the more forgiving line of precedent.

Caughman's case is a closer call. In contrast to Morsilli, Caughman's name appears in the affidavit attached to the administrative charge, though there is no indication that Wright was seeking a judgment against anyone/anything other than CompUSA itself. Still, viewing the charge as a whole, it is plausible that the attached affidavit placed Caughman's conduct at is-

sue. But, as in *Chatman* and *Stewart,* it is "not possible to determine from matters properly before the court . . . whether the individual defendants had notice of and an opportunity to conciliate the charges against them at the MCAD." *Stewart,* 28 F.Supp.2d at 693 (quoting *Chatman,* 973 F.Supp. at 236). There is no evidence that Caughman was ever served with a copy of the MCAD charge. Appearing for a deposition falls far short of being named as a party subject to individual liability in the MCAD proceeding. Mere participation in a deposition also does not provide any insight into whether Caughman had an opportunity to conciliate any charges against him. Without such evidence, the complaint must be dismissed as to Caughman.

### B. The Scope of the ADA

Caughman and Morsilli argue alternatively that the ADA count against them should be dismissed because there is no individual liability for disability discrimination under the ADA. *See Lemire v. Silva,* 104 F.Supp.2d 80 (D.Mass.2000).

Wright acknowledged this proposition at oral argument, and accordingly, even if the complaint might go forward against Caughman and Morsilli because Wright had exhausted his administrative remedies against them, the ADA count must be dismissed for failure to state a claim. Fed. R.Civ.P. 12(b)(6); *see Lemire,* 104 F.Supp.2d at 80; *see also Butler v. City of Prairie Village, Kan.,* 172 F.3d 736, 744 (10th Cir.1999) ("the ADA precludes personal capacity suits against individuals who do not otherwise qualify as employers under the statutory definition"); *Mason v. Stallings,* 82 F.3d 1007, 1009 (11th Cir. 1996) (same); *United States E.E.O.C. v. AIC Sec. Investigations, Ltd.,* 55 F.3d 1276, 1279–82 (7th Cir.1995), *reh'g and*

*reh'g en banc denied,* 1995 U.S.App. LEXIS 15985 (June 28, 1995) (same).

### III.

For the reasons stated, the complaint is dismissed as to Caughman and Morsilli.

It is so ordered.