Hinkle, J.
Plaintiff Richard J. Vails filed this action against defendants Geon Engineered Films, Inc. (“Geon”), O’Sullivan Corporation (“O’Sullivan”), Regalite Plastics Corporation (“Regalite”), Frederick Pomeroy, William Sherwood and Edward Brown. On July 30, 2003, plaintiff voluntarily dismissed Sherwood and Brown. Plaintiff alleges that O’Sullivan and Regalite discriminated against him on the basis of age and Pomeroy aided and abetted the discriminatory conduct (“Count I”). Plaintiff also alleges retaliation (“Count II”), tortious interference with advantageous business relations (“Count III”) and infliction of emotional distress (“Count IV”).
The matter is now before the Court on defendants’ motion for summary judgment as to plaintiffs age discrimination claim. Defendants contend that this claim is untimely and/or not administratively exhausted. Plaintiff argues that the age discrimination claim should survive because his two filings with the Massachusetts Commission Against Discrimination (“the MCAD”) were intertwined and his age discrimination claim is of a continuing nature.
For the reasons discussed below, after a hearing, defendants’ motion is ALLOWED.

BACKGROUND

The following is taken from the summary judgment record. The undisputed facts, and any disputed facts viewed in the light most favorable to the non-moving party, are as follows.
Geon, formerly known as O’Sullivan, has manufacturing facilities and offices located throughout the United States. At all relevant times, Regalite, which manufactured PVC plastic sheeting, was a subsidiary of O’Sullivan and later Geon. Pomeroy was director of Human Resources for O’Sullivan and later Geon.
*700 Plaintiff began working for Regalite in September 1972. By January of 1999, he was its maintenance manager and purchasing manager. During January 1999, Plaintiff was asked numerous times by superiors and subordinates whether he planned to retire that year. At a meeting held February 17, 1999, Pomeroy, Sherwood and Brown reprimanded plaintiff for his job performance and threatened him with the loss of his job. On August 10, 1999, plaintiff, represented by counsel, filed a charge with the MCAD alleging age discrimination by O’Sullivan, Regalite and Pomeroy (“the first MCAD charge”).
Plaintiffs first MCAD charge, filed by his counsel, was fyped on an MCAD form which contained, among other things, plaintiffs name, address, phone number, the name and address of his employer, and boxes on which to check the nature and date of the discrimination. On this form, plaintiffs counsel checked the “age discrimination” category, and in an attachment, described the discrimination he allegedly experienced during January and February of 1999. On March 29, 2000, plaintiff withdrew his age discrimination charge from the MCAD. Plaintiff filed his complaint in this Court on June 12, 2003.
During early November of 1999, plaintiff worked four consecutive 14-to- 16-hour shifts. Subsequently, plaintiff became ill and was brought to an emergency room where he was diagnosed with angioedema which prevented him from working at the plant. As a result, plaintiff applied for a leave of absence in January of 2000 and continued to undergo medical treatment through the spring of 2000. On or about June 1,2000, plaintiff received a letter from Geon’s General Manager informing him that the Regalite plant was closing and describing a severance package available to him. On or about June 28, 2000, Pomeroy notified plaintiff by letter that he was terminated, stating that plaintiffs medical reports indicated he could “not possibly return to work.”
Thereafter, on August 24, 2000, plaintiff filed a second charge with the MCAD against Geon, Regalite and Pomeroy (“the second MCAD charge”). This time, on the form provided by the MCAD, plaintiffs counsel checked the “retaliation” and “other” categories, writing “disabiliiy” next to the “other” categoiy. Plaintiff did not check the “age discrimination” category. In the attached appendix, plaintiff stated, “On August 10, 1999, I filed a Charge of Discrimination with this Commission based on the discriminatory acts of my employer and other individuals within the organization alleging that I had been discriminated against based on my age.” ¶3. Plaintiff also stated: “I believe my termination was a retaliatory action on the part of Geon in response to my filing a previous charge of discrimination. I (sic) addition, I believe the actions of Geon in terminating my employment were based on a discriminatory motive due to my physical disability.” ¶11. Plaintiff added: “I consider the egregious actions described above constitute discrimination based on my disability and in retaliation of filing a prior age discrimination claim in violation of state and federal law . . .” ¶12. On December 12, 2000, plaintiff withdrew his second MCAD charge for the purpose of filing an action in this Court.
During the hearing on the summary judgment motion, plaintiffs counsel explained that he delayed filing the complaint in this court because plaintiff had a pending workers’ compensation case. That claim was decided in favor of plaintiff, and, as a result, plaintiff makes no handicap discrimination claim here.

DISCUSSION

This Court grants summary judgment where no genuine issues of material fact are in dispute and the moving party is entitled to judgment as a matter of law. Kourouvacilis v. Gen. Motors Corp., 410 Mass. 706, 716 (1991); Mass.R.Civ.P. 56(c). Defendants, as the moving party, bear the burden of affirmatively demonstrating the absence of a triable issue and that the record entitles them to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17(1989). A party moving for summary judgment who does not bear the burden of proof at trial “is entitled to summary judgment if [it] demonstrates, by reference to material described in Rule 56(c), unmet by countervailing materials, that the party opposing the motion has no reasonable expectation of proving an essential element of that party’s case.” Flesner v. Technical Communications Corp., 410 Mass. 805, 808 (1991); Kourouvacilis, 410 Mass, at 716. Plaintiff, as the non-moving party, may not defeat defendants’ motion for summary judgment by resting on the allegations and denials of his pleadings, but must set forth specific facts, with materials described in Mass.R.Civ.P. 56(e), to show that there is a genuine issue for trial. Lalonde v. Eissner, 405 Mass. 207, 209 (1989).
Before pursuing a discrimination claim in this Court under G.L.c. 151B, §9, a plaintiff must make a charge with the MCAD within six months of the alleged unlawful conduct. G.L.c. 151B, §5; Carter v. Comm’r of Corr., 43 Mass.App.Ct. 212, 217 (1997). The purpose of that requirement is to provide an employer with prompt notice of the claim to provide an opportunity for early conciliation. Carter, 43 Mass. App. at 217. The rationale behind c. 151B’s requirements “would be frustrated if the employee were permitted to allege one thing in the administrative charge and later allege something entirely different in a subsequent civil action.” Davis v. Lucent Tech., 251 F.3d 227, 231 (1st Cir. 2001) (claims barred where sexual harassment claim timely filed with MCAD not timely filed in court, and wrongful termination claim timely filed in court not timely filed with MCAD); see also Fallon v. Federal Express Corp., 2002 WL 31677216, at *7-8 (Mass. Super. *701 Oct. 11, 2002) (dismissing sex discrimination claim where this charge not included in MCAD filing).
Under G.L.c. 151B, §9, the Superior Court action must be commenced “not later than three years after the alleged unlawful practice occurred.” Plaintiff concedes that his age discrimination claim as to the February 1999 conduct was not brought within the three-year period required by G.L.c. 151B, §9. However, plaintiff contends that his second MCAD charge should be construed to include a claim of age discrimination and thus treated as an amendment to his first MCAD charge. This argument fails for two reasons. First, the “age discrimination” category on plaintiffs second MCAD charge was not checked, and a fair reading of that charge does not lead to the conclusion that it alleged age discrimination. See Belonni v. Reservoir Nursing Ctr., 2 Mass. L. Rptr. 166, 1994 WL 879457, at *4 (Mass.Super. Jan. 18, 1994) (barring handicap discrimination claim where appropriate box not checked on MCAD charge).[2] Second, if plaintiff were seeking to amend his first MCAD filing in the second charge, he did not follow the proper procedure, see 804 C.M.R. §1.10 (6).[3] It is also unclear to this court how amendment would have cured the time bar.
Plaintiff also argues that defendants’ actions constitute a continuing age violation. Otherwise untimely discrimination claims may be considered timely filed if conduct is part of an ongoing pattern of discrimination and at least one event is within the applicable limitations period. Cuddyer v. Stop & Shop Supermarket Co., 434 Mass. 521, 531-32 (2001). For the continuing violation doctrine to apply, plaintiff must show “a discrete violation [within the limitations period] to anchor the earlier [time-barred] claims.” Cuddyer, 434 Mass, at 532. Plaintiff made no “ongoing” age discrimination claim in his second agency filing, and nothing before this Court in the summary judgment record shows that plaintiff was subjected to age discrimination after February 1999.
Therefore, this Court finds and rules that the age discrimination claim is untimely filed.

ORDER

For the foregoing reasons, it is hereby ORDERED that defendants’ motion for summary judgment on plaintiffs age discrimination claim is ALLOWED.

This case differs from cases involving a pro se complainant. Lattimore, 99 F.3d at 464 (where employee is pro se, “the administrative charge is liberally construed in order to afford the complainant the benefit of any doubt”). “Constructive knowledge of all procedural requirements is imputed to a plaintiff who retains an attorney.” Andrews v. Arkwright Mut Ins. Co., 423 Mass. 1021, 1022 (1996).

 804 C.M.R. §1.10(6) provides in relevant part: “(a) A complaint or any part thereof may be amended ... to clarify and amplify allegations made therein. An amendment alleging additional acts constituting unlawful discriminatoiy practices related to or arising out of the subject matter of the original complaint may be permitted by leave of the Commissioner. Amendments shall relate back to the original filing date.”