# RESCRIPT OPINIONS.

Lois E. Augustine *vs.* Raymond A. Rogers & others.[1] No. 97-P-0311. June 3, 1999. *Real Property,* Sale. *Contract,* Sale of real estate, Misrepresentation, Rescission. *Evidence,* Expert opinion. *Practice, Civil,* Judicial discretion, Appeal.

The plaintiff, Lois E. Augustine, brought suit under G. L. c. 93A, against Raymond A. Rogers, the seller, and Donald Vieira and his company Vieira Realty, Inc., the real estate agent, for failing to disclose that the mobile home she purchased from Rogers on August 1, 1988, had an "ongoing and serious problem . . . with fumes from the oil burner at the premises." By agreement between the lawyers and the judge, the case was tried to an advisory Superior Court jury over a three-day period. At the conclusion of the trial, the jury found each of the defendants liable for knowing and intentional misrepresentation, and assessed damages of $60,000. The judge, exercising the rights the parties had reserved to him by agreement, rejected the jury's conclusions on the liability of Vieira and reduced the damages against Rogers to $20,064. Upon receipt of the plaintiff's notice of appeal, the defendant Rogers filed a "petition to pay judgment amount into court" to "stop the incurring of interest during any period of appeal." The plaintiff opposed the motion but did not request that the funds so deposited be held in an interest bearing account. The trial judge allowed the motion with no provision for interest.

On appeal, the plaintiff claims the trial judge made four errors. We address each of them in turn.

1. *Liability of the real estate agent.* The judge found "that Vieira did not make any misrepresentations that tended to influence the buyer . . . to enter into the transaction" because "Vieira did not receive any information from Raymond Rogers with respect to the home heating fuel oil contamination at the mobile home site." Although, as the plaintiff argues, there was evidence from which a fact finder could have found liability against Vieira, and the advisory jury did so, there was also evidence to the contrary, which the judge was entitled to credit. See *Spaulding* v. *Young,* 32 Mass. App. Ct. 624, 626 & n.2 (1992).

2. *Expert testimony.* The plaintiff's expert witness, an experienced environmental consultant, whose qualifications the defendants did not challenge, conducted a preliminary examination of the site in June, 1993. He testified at trial that the smell of heating oil was obvious. An analysis of the soil sample he took from a sheltered location under the mobile home indicated that the oil had been there at least three years and in his opinion probably five

---

[1]Donald Vieira and Vieira Realty, Inc.

or more years. He also concluded that the spill was clearly at least ten gallons, and therefore reportable under G. L. c. 21E.

At voir dire, the expert testified that a full phase one assessment of the extent of the problem including soil borings and a determination of whether ground water was involved would cost $7,000 to $10,000, and that the absolute minimum cost for phase two remediation just to remove the contaminated dirt was $10,000. Because the expert could not make an accurate estimate of the full cost of remediation without the phase one assessment, the judge ruled that testimony as to the minimum cost of remediation was speculative and therefore inadmissible.

On appeal, in a single page of her brief, the plaintiff argues that although costs above the minimum would be speculative, the minimum cost was not. Even assuming that the plaintiff's argument on this point rises to the level of appellate argument, see Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975); *Powers* v. *H.B. Smith Co.*, 42 Mass. App. Ct. 657, 664-665 (1997), and that the judge's ruling on this point was an abuse of discretion, see *id.* at 663, which it may have been, compare *Roach* v. *Newton Redev. Authy.*, 8 Mass. App. Ct. 618, 628 (1979) (evidence of potential use of land admissible in zoning case); but see *Black* v. *Coastal Oil New England, Inc.*, 45 Mass. App. Ct. 461, 464-465 (1998) (no recovery under G. L. c. 21E, § 5, for clean up costs not yet incurred), any error was harmless. The judge did hear the expert's opinion about the minimum cost during voir dire. In ruling that the evidence was too speculative, he rejected the evidence, as would have been his prerogative in his role as the finder of fact. See *New England Canteen Serv., Inc.* v. *Ashley*, 372 Mass. 671, 675 (1977) (trial judge in "the best position to judge the weight and credibility of the evidence"). The fact that the jury did not hear the evidence was, under the circumstances, meaningless, particularly since their assessment of damages was considerably higher than that of the judge even without the expert's testimony on remediation.

3. *Rescission.* The plaintiff also argues that the judge erred in not granting her the rescission she sought in her complaint. She cites two cases in which the Supreme Judicial Court affirmed an award of rescission. That rescission was an available remedy does not lead to the conclusion that it was required, particularly here where, after requesting such relief in her complaint, the plaintiff never raised the issue again until her brief on appeal. In any case, rescission is an equitable remedy awarded at the discretion of the court. See *Ann & Hope, Inc.* v. *Muratore*, 42 Mass. App. Ct. 223, 230 (1997). See also G. L. c. 93A, § 9. There was no abuse of discretion here.

4. *Payment into court.* The plaintiff opposed Rogers's petition to pay the judgment into court on the ground that "the plaintiff is entitled to postjudgment interest at the rate of 12% per annum." She pointed out that Rogers cited no statute or authority authorizing the court to receive the proceeds. Her argument on appeal is little more than a repetition of the short opposition she filed in the trial court in response to the petition. She concludes her argument with the observation that she "is not aware of any law allowing Rogers to pay the funds into the court, so this may be a matter of first impression."

The plaintiff is half right. There is authority for such a deposit. It is not in a

statute but in Mass.R.Civ.P. 67,[2] 365 Mass. 835 (1974). She appears to be correct that there is no Massachusetts case law on the point. And there are "very few cases construing [the Federal version of] Rule 67." *LTV Corp.* v. *Gulf States Steel, Inc.*, 969 F.2d 1050, 1062 (D.C. Cir.), cert. denied, 506 U.S. 1022 (1992).

We do not address this issue on the merits, however, because "the [plaintiff's] argument with respect to this matter . . . is inadequate, and provides us [too] little assistance in evaluating the merits of the claim." *Powers* v. *H.B. Smith Co.*, 42 Mass. App. Ct. at 664. Such assistance is particularly important when a party presents a novel issue. On such occasions it is critical for the party whose interests are at stake to present to the court some basis for making the decision she is requesting. See *Greater Media, Inc.* v. *Department of Pub. Util.*, 415 Mass. 409, 418 (1993) (paragraph of four sentences without meaningful citation of authority does not rise to the level of appellate argument on question of constitutional dimension).

In any case it appears that, at least under Federal law, "[t]he decision whether to allow a Rule 67 deposit generally lies within the discretion of the [trial] court." *LTV Corp.* v. *Gulf States Steel, Inc.*, 969 F.2d at 1063. See *Cajun Elec. Power Co-op, Inc.* v. *Riley Stoker Corp.*, 901 F.2d 441, 445 (5th Cir. 1990) ("Whether Rule 67 relief should be available in any particular case is a matter committed to the sound discretion of the [trial] court"). We note, however, that under Fed.R.Civ.P. 67, as amended in 1983, "[t]he fund shall be deposited in an interest bearing account or invested in an interest-bearing instrument approved by the court." See District/Municipal Court Supplemental Rules of Civil Procedure 104 ("Money paid into court shall be in the custody of the clerk, whose duty it shall be to receive it when paid under the authority of law or rule or order of the court. Any deposit of money in excess of one hundred dollars . . . paid into court shall be deposited in an interest-bearing bank account").

Finally, we have serious concerns about the use of an advisory jury in a case in which there are no claims triable as of right to a jury. See *Nei* v. *Burley*, 388 Mass. 307, 315 (1983); *Delaney* v. *Chief of Police of Wareham*, 27 Mass. App. Ct. 398, 401 (1989); Mass.R.Civ.P. 39(c), 365 Mass. 802 (1974). However, since neither party has raised the issue, indeed they agreed to the process, we leave further discussion of this issue for another day.

*Judgment affirmed.*

*Allowance of petition to pay judgment into court affirmed.*

*Douglas A. Hale* for the plaintiff.

*Richard J. Cohen* for Raymond A. Rogers.

*Bernardo J. Cabral* for Donald Vieira & another.

---

[2]The rule provides in part: "In an action in which any part of the relief sought is a judgment for a sum of money or the disposition of a sum of money or the disposition of any other thing capable of delivery, a party, upon notice to every other party, and by leave of court, may deposit with the court all or any part of such sum or thing." It makes no provision for interest.