# RESCRIPT OPINIONS.

SUSAN HANDRAHAN *vs.* RED ROOF INNS, INC. No. 98-P-172. October 1, 1999. *Anti-Discrimination Law,* Handicap, Employment, Damages. *Damages,* Future damages, Attorney's fees.

When this case previously appeared before us, we remanded it to the Superior Court "for recomputation of the front-pay damages in a manner not inconsistent with our opinion." *Handrahan* v. *Red Roof Inns, Inc.,* 43 Mass. App. Ct. 13, 25 (1997). In that decision, we noted that a jury had awarded the plaintiff $600,000 in front pay as part of its verdict pursuant to G. L. c. 151B, § 4, for discrimination by the defendant on the basis of handicap, and that the judge, acting on the defendant's motion for remittitur, determined that the front pay award was excessive and reduced it to $487,800.[1] We concluded that "the front pay award, even as remitted, is excessive, and lacks adequate support in the record" and that "the trial judge failed to reduce the front pay award sufficiently to reflect the likelihood that at some point in the future the plaintiff will obtain full-time employment." *Id.* at 24. After remand, the judge further reduced the front pay jury award to $270,000. Both parties appeal. We affirm.

At the trial, there was evidence that the plaintiff was twenty-seven years old and an epileptic at the time the defendant wrongly terminated her eight-year employment as a housekeeper at its hotel in Framingham; that the plaintiff was learning disabled; that her housekeeper position had been her first and only job and that she had intended to continue her employment with the defendant for the rest of her working life; that she suffered emotional distress during the period between her termination and the trial; and that her only work experience following her termination was as a locker room attendant at a country club where she worked five months a year and earned an average of approximately $3,200 a year.

Case law equates front pay with "compensation for the loss of future earnings and benefits" and holds that G. L. c. 151B "authorizes an award of damages for loss of future earnings and benefits which have been proved with reasonable certainty as attributable to the employer's misconduct subject to the employee's duty to mitigate." *Conway* v. *Electro Switch Corp.,* 402 Mass. 385, 385-386, 390 (1988). Such future damages should be reduced to their present economic value. *Boothby* v. *Texon, Inc.,* 414 Mass. 468, 486 (1993). In his instructions to the jury, not challenged in this or the previous appeal,

---

[1] The jury had also awarded the plaintiff $55,000 in back pay, $50,000 for emotional distress and $1,000,000 in punitive damages. The punitive damages were reduced by the judge by $900,000 on the defendant's motion for remittitur. These awards, as remitted, were not disturbed by us in our previous decision and are not now in issue.

the judge defined front pay as "a projection into the future for the amount of salary and benefits [the plaintiff] would have earned at Red Roof had the unlawful discrimination not occurred and considering how long you find [she] would have stayed as [an] employee of Red Roof Inns into the future. In making these calculations of front pay damages, you must reduce the amount of money [the plaintiff] would have earned in her job by the amount currently earned or likely to be earned during the same time period that you project front pay." He further charged that the jurors "may also consider any failure to mitigate [her] damages that would continue on into the future that you find that Red Roof has shown to have occurred," and that any front pay award must be reduced to present value.

In his decision explaining his further reduction of the verdict to $270,000, the judge articulated three valid objectives: (1) to "respect the jury's verdict"; (2) to "act consistently with the evidence [at] trial"; and (3) to comply with this court's remand order that the front pay award "reflect . . . the likelihood that . . . [the plaintiff] will obtain full-time employment." He then explained his recomputation as being based on the jury award of the $600,000 which he assumed reflected the jury's conclusion that the plaintiff would have worked thirty more years for the Red Roof Inns had she not been the victim of discrimination. That assumption is reasonable given the judge's unchallenged charge to the jury to consider how long the plaintiff would remain as an employee of Red Roof Inns and the evidence of her earnings history and her intention to continue her employment with the defendant for the rest of her working life.[2] Following our direction, the judge then assumed that "the plaintiff will be able to procure full-time employment during the same [thirty years]." He then calculated her future earnings based upon the evidence of the plaintiff's postdischarge employment at the rate of $220 per week for fifty weeks a year over that same thirty-year period. Applying those mitigating earnings, totaling $330,000, to the jury's original verdict of $600,000, the judge arrived at a redetermined front pay award of $270,000. While we recognize that in the realm of future damages, the line between defensible estimation and unreasonable speculation is indeed blurred, and perhaps beyond the ability of the law to locate with precision, we cannot say that this recomputation is contrary to our direction to the judge in our prior opinion to recompute the front pay damages "in a manner not inconsistent with our opinion." *Handrahan* v. *Red Roof Inns, Inc., supra* at 25. Nor can we conclude that his reevaluation of front pay damages constitutes an abuse of discretion. See *Powers* v. *H.B. Smith Co.*, 42 Mass. App. Ct. 657, 665 (1997). The special circumstances of this case render unjust any award of appellate attorney's fees and costs. See G. L. c. 151B, § 9; contrast *Powers* v. *H.B. Smith Co., supra* at 667.

*Judgment affirmed.*

*Kevin G. Diamond* for the plaintiff.
*Laura C. Payet* for the defendant.

---

[2]We are less persuaded by the judge's assumption that the jury did not take into account future salary increases and pension benefits and also did not appear to reduce their front pay award to present value. It is at least as plausible that the jury followed the court's express instructions and that their $600,000 verdict reflects the future salary and pension benefits together with a reduction to present value.