Brassard, J.
The plaintiff in this action has filed suit against his former employer alleging that he was terminated because of his age in violation of M.G.L.c. 15IB, §4. The defendants have moved for summary judgment contending that they are entitled to judgment as a matter of law because the plaintiff has presented no evidence demonstrating that the reason they have articulated for the termination was pretextual. For the following reasons, the defendants’ motion for summaryjudgment is DENIED.

BACKGROUND

The facts, taken in the light most favorable to the plaintiff, are as follows.
From December 12, 1995 until September 1, 1999, Edward Draper (“Draper”) was employed at Charlwell House, a Centennial Healthcare nursinghome facility. Draper’s duties included, among other things, main-taming the overall cleanliness of the kitchen and overseeing and scheduling other kitchen employees. On October 13, 1998, defendant Donald Baker (“Baker”) was hired as Administrator of Charlwell House and was responsible for all employees of the facility, including Draper.
On July 5, 1999, Draper left a dietary aide, John Pellowe (“Pellowe”) in charge of the evening meal. On July 7, 1999, Baker disciplined Draper for the action by issuing a formal citation to the effect that Pellowe was not qualified for such responsibility. Draper asserts that he was never specifically instructed not to take such action again. On August 29, 1999, Pellowe was again left in charge of the evening meal, this time, Draper maintains, without his knowledge. Although the schedule for that day shows Pellowe being left alone in the kitchen, Draper contends that he actually asked Ben Riley (“Riley”), who was originally scheduled to work only until 4:30, to stay later in order to serve the evening meal. Riley, however, left at 1:00 pm, leaving Pellowe in charge.[2]
Baker terminated Draper’s employment on September 1, 1999. Draper was 62 years old at the time. After Draper’s termination, Baker assigned Draper’s position to Riley, age 40. Baker asserts that the reason for the termination was Draper’s failure to follow orders. Draper, however, contends that his termination was part of a widespread policy of age discrimination at Charlwell House and that the reasons cited by Baker for the termination are pretextual.
On May 10, 2000, Draper filed suit against both Baker and Centennial Healthcare alleging age discrimination in violation of G.L.c. 15 IB, §4. The Court now has before it the defendants' motion for summary judgment.

DISCUSSION

Summary judgment is appropriate when there are no material facts in dispute and when the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56. The moving party bears the burden of affirmatively demonstrating the absence of a triable factual issue and of showing that it is entitled to judgment as a matter of law. Pedersen v. Time Inc., 404 Mass. 14, 16-17 (1989). Once the moving party demonstrates the absence of a triable issue, the party opposing the motion must respond with evidence of specific facts establishing the existence of a material factual dispute. Id. at 17. Summary judgment is a “device to make possible the prompt disposition of controversies on their merits without a trial, if in essence there is no real dispute as to the salient facts or if only a question of law is involved.” Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976).
In employment discrimination cases, Massachusetts has, until the recent decision by the Supreme Judicial Court in Lipchitz, petitioner, No. 08394 (Sup. Jud. Ct. July 9, 2001), slip op., followed the tripartite analysis of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).[3] In Lipchitz, the Court recognized the difficulties involved in using the McDonnell Douglas analysis injury instructions and recommended that trial judges formulate instructions to “focus the jury's attention on the ultimate issues of harm, discriminatory animus and causation.” Lipchitz, supra at 7. In *555 the context of summary judgment, however, the McDonnell Douglas framework remains appropriate to “give judges a method of organizing evidence and assigning the burdens of production and persuasion in a discrimination case.” Loeb v. Textron, Inc., 600 F.2d 1003, 1016 (1st Cir. 1979), quoted in Lipchitz, supra at 7.
In the summary judgment context, the McDonnell Douglas burdens shift, so that in order to succeed the defendant must show either (1) that the plaintiff is unable to establish a prima facie case; or (2) that the plaintiff is unable to present evidence of discrimination such that his or her claims would be successful at trial. Kourovacilis v. General Motors Corp., 410 Mass. 706, 714 (1991). In the present case, the parties agree that Draper has established the existence of a prima facie case by demonstrating that Draper was at least forty years of age when he was terminated, that he was qualified for his position, that he experienced adverse employment action, and that he was replaced by a younger person with similar or lesser qualifications. See Powers v. H.B. Smith Co., 42 Mass.App.Ct. 657, 661 (1997).
Under the second prong of the McDonnell Douglas analysis, the burden shifts to the defendants to submit a credible non-discriminatory reason for the termination of the plaintiff s employment. See McDonnell Douglas, 411 U.S. at 802. In this case, the defendants contend that the reason for Draper’s termination was his failure to follow Baker’s order prohibiting Pellowe from being left in charge of the evening meal.
The third and final prong of the McDonnell Douglas analysis, however, allows Draper an opportunity to submit evidence that the defendants’ articulated reason for the termination is a pretext and that discriminatory motives were at the heart of the employment decision. See McDonnell Douglas, 411 U.S. at 804. It is at this point in the analysis that the two sides split. According to the defendants, in order to have persuasive evidence of discrimination warranting a jury trial, Draper must demonstrate that similarly situated employees were treated differently.
In City of Salem v. Massachusetts Commission Against Discrimination, 44 Mass.App.Ct. 627 (1998), however, the Court held that “an employer’s use of uncontrolled subjectivity” could be included as evidence “which is or may be relevant to a plaintiffs showing of pretext.” See City of Salem, 44 Mass.App.Ct. 627, 642. In City of Salem, in addition to evidence that similarly situated employees were treated differently, the Court held that the fact finder may consider “weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer’s proffered legitimate reasons for its action.” Id. Under City of Salem, Draper argues that “uncontrolled subjectivity,” including an employer’s setting of impossible or unreasonable standards designed to make an employee fail at his or her employment tasks, is permissible evidence to demonstrate pretext.
The Court agrees with Draper. Under City of Salem, Draper may use evidence of the defendants’ “uncontrolled subjectivity,” such as Draper’s being held to unreasonably high or impossible standards, in order to prove his claims of discrimination. Whether or not such evidence demonstrates that the employer had a discriminatory animus, however, is a question for the jury. For these reasons, the defendants’ motion for summary judgment is DENIED.

ORDER

For the foregoing reasons, the defendants’ motion for summary judgment is DENIED.

 The Court will consider only this reason for the termination proffered by the defendants. It is unnecessary to make a ruling on the plaintiffs motion to strike, as the Court finds all information and evidence regarding alleged sanitation issues and violations irrelevant to the motion at bar, both sides having agreed at oral argument and in their briefs that they were not the reason for Draper’s termination.

 This decision of the Supreme Judicial Court was made after oral argument on this motion.